IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOHN W. DOWDLE                                                                           PLAINTIFF

v.                                                          CIVIL ACTION NO.: 4:17cv139-MPM-JMV

AARON THOMAS and
PROGRESSIVE INSURANCE COMPANY                                                  DEFENDANTS

**ORDER**

This cause comes before the court on its own motion, remanding this case for lack of subject matter jurisdiction, based upon the lack of diversity of citizenship between plaintiff John Dowdle and defendant Aaron Thomas. The parties agree that both of these individuals are citizens of Mississippi, and this case was removed by defendant Progressive Insurance Company ("Progressive") based upon the notion that the claims against Thomas, the alleged tortfeasor in an automobile accident, were fraudulently misjoined with the claims against itself, which is plaintiff's UM carrier. That brings this case squarely within the scope of this court's recent order in *Boddie v. Walker*, in which it stated that it would "very likely remand future UM cases which are removed on the basis of fraudulent misjoinder." *Boddie*, No. 4:16CV209-M-V, 2018 WL 2213435, at *11 (N.D. Miss. May 15, 2018). In *Boddie*, this court noted that it had previously been receptive to fraudulent misjoinder removals by UM carriers, *see e.g. Grattafiori v. Thompson*, 2016 WL 9496657, at *4 (N.D. Miss. Dec. 1, 2016), but that practical experience had since demonstrated that the reasons typically given by UM insurers for alleging misjoinder are simply not accurate.

1

As noted in *Boddie*, this court's trial experience has shown that, contrary to the representations of UM insurers, claims against them generally do involve trial issues such as negligence and damages, which are very similar, if not identical, to those against the alleged tortfeasor. It seems clear that this case is no different. Indeed, Progressive learned of this court's recent order in *Boddie* and issued jurisdictional briefing in this case, in which it stated that:

> As discovery in this case has progressed, it appears that Plaintiff is only pursuing a basic UM claim against Progressive and is not pursuing a breach of contract claim against Progressive. In light of the facts developed during discovery and this Court's recent change of position on the application of fraudulent misjoinder in the context of UM cases, undersigned counsel is unable to distinguish the substantive facts of this case from the substantive facts and holdings in the aforementioned cases.

[Defendant's brief at 3]. This appears to represent a concession by Progressive that this court's analysis in *Boddie* is squarely applicable in this case, and plaintiff has joined defendant's brief and expressed a view that this case should be remanded based on lack of diversity jurisdiction. This court agrees.

In remanding this case, this court notes that the claims against Progressive and Thomas involve the same issues, and it can thus not validly be stated that there is misjoinder at all in this case, much less "egregious" misjoinder within the meaning of the fraudulent misjoinder doctrine. *See Tapscott v. Miss. Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996). This court further notes, as it did in *Boddie*, that if it were to accept Progressive's misjoinder arguments and remand the claims against Thomas for a separate (and concurrent) trial in state court, it would essentially be ordering that two trials take place to decide the exact same issues. This strikes this court as being judicially non-economical in the extreme, and such a result would leave Progressive as the sole named defendant in this federal action. Given the speedier federal dockets, it seems likely that the claim against Progressive would be tried first, and the jury which

decided liability would thus clearly learn of the existence of insurance coverage, since an insurance company would be the *sole named defendant*.

This result appears to be typical in UM cases which are removed to federal court, and it demonstrates the fallacy of the misjoinder theory in this context. Indeed, the basic rationale for ordering claims against UM carriers to be severed from those against tortfeasors has been that the inefficiency in having two trials to decide the same issues is justified because it prevents the jury from learning of the existence of insurance. *Boddie*, 2018 WL 2213435 at *7. However, this argument makes no sense when considered in light of the actual realities of the federal trial against a UM carrier, given that the jury would obviously learn who the sole defendant in a case is. In *Boddie*, this court wrote that if it "were to acquiesce in this practice, it risks a Kafkaesque absurdity," *see id.,* and this seems equally true in this case. In response to this court's order in *Boddie*, neither side in this case has offered serious arguments as to why this court has jurisdiction over this case, and this court concludes that diversity citizenship is plainly lacking. This case will therefore be remanded to state court, so that the issues arising out of the car accident in this case may be considered by the court which actually has jurisdiction to do so.

It is therefore ordered that this case is remanded to the Circuit Court of Carroll County.

This, the 11th day of June, 2018.

                                    **/s/ MICHAEL P. MILLS**
                                    **UNITED STATES DISTRICT JUDGE NORTHERN DISTRICT OF MISSISSIPPI**